IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

**WILLIE POLE**                                                                                       **PLAINTIFF**

VS.                             CIVIL ACTION NUMBER.:   __3:22-cv-182-KHJ-MTP__

**JAMES K. SHEARER,**
**in his Individual and Official Capacity as**
**an officer or employee of the Federal Bureau**
**of Investigation, JOHN DOE NUMBER ONE,**
**in his Individual and Official Capacity as**
**an officer or employee of the Federal Bureau**
**of Investigations, JOHN DOE NUMBER TWO,**
**in his Individual and Official Capacity as**
**an officer or employee of the Federal Bureau**
**of Investigation, ABC COMPANIES and**
**JOHNS DOES 1-10**                                                                              **DEFENDANTS**

## COMPLAINT

COMES NOW, the plaintiff, Willie Pole, through the undersigned counsel, and files this Complaint for relief against the above referenced Defendants and for cause of action would state the following:

### I.   PARTIES

1. Plaintiff, Willie Pole, is an adult resident citizen of Greenville, Mississippi.

2. Defendant, James K. Shearer may be served with process at 1220 Echelon Parkway, Jackson, Mississippi 39213.

3. At all relevant times Defendant Shearer was a duly appointed Agent or Employee of the Federal Bureau of Investigation and acted in a supervisory capacity.

4. At all relevant times Defendant John Doe Number One was a duly appointed Agent or Employee of the Federal Bureau of Investigation.

5. At all relevant times Defendant John Doe Number Two was a duly appointed Agent or Employee of the Federal Bureau of Investigation.

6. ABC Companies are unknown defendants who may be responsible for the acts complained of herein. Their identities will be provided when ascertained.

7. John Doe defendants are unknown defendants who may be responsible for the acts complained of herein. Their identities will be provided when ascertained.

## II. JURISDICTION

8. Jurisdiction is proper in this Court inasmuch as there is federal question jurisdiction in this case.

## III. VENUE

9. Venue is proper before this Court inasmuch as the Defendants are headquartered in the Southern District of Mississippi or otherwise may be continuously found therein.

## IV. FACTS

10. On or about April 4, 2019, Plaintiff Willie Pole was at home in Greenville, Mississippi in his bathroom when he heard a sound at his door at approximately 6:30a.m.

11. Clothed only in a towel, he then went to the door to investigate the sound he had heard.

12. Plaintiff Willie Pole then asked who was at his door.

13. Hearing no response, Plaintiff Willie Pole stated "I need to put some cloths on."

14. Again, there was no response.

15. At that point, Plaintiff Willie Pole's door was busted open.

16. One or more individuals standing outside the door then said "put your hands up and drop everything you got."

17. Up to this point, in the factual portion of this Complaint, none of the individuals present at Mr. Pole's door were wearing any clothing or insignia that said Law Enforcement, Federal Bureau of Investigation, FBI or anything that would indicate to the Plaintiff that these individuals were FBI agents or members of Law Enforcement.

18. Up to this point, in the factual portion of this Complaint, none of the individuals present at Mr. Pole's door verbally identified themselves as Law Enforcement officers or FBI agents.

19. Up to this point, in the factual portion of this Complaint, none of the individuals present at Mr. Pole's door showed the Plaintiff a search warrant.

20. Up to this point, in the factual portion of this Complaint, none of the individuals present at Mr. Pole's door showed the Plaintiff an arrest warrant.

21. Plaintiff Willie Pole quickly complied and dropped his towel.

22. One of more of the men then grabbed Plaintiff Willie Pole by the arm and told him to come outside.

23. The men and Plaintiff Willie Pole then all went outside, with the Plaintiff wearing no clothing at all and no other covering for his body.

24. Plaintiff Willie Pole was told to face his neighbors door and keep his hands up.

25. Plaintiff Willie Pole asked "what are you all doing and why?"

26. Plaintiff Willie Pole was told to keep his hands up and face the door.

27. Up to this point, in the factual portion of this Complaint one or more of the men had an assault style type weapon pointed at the Plaintiff.

28. One of the men then went inside Plaintiff Willie Pole's home, found a badge concerning the Plaintiff's place of employment and exited the home with it.

29. Plaintiff Willie Pole was then told to go back inside his home.

30. Upon information and belief, Adam West then entered the Defendant's home.

31. The Plaintiff Willie Pole again, in an elevated voice, asked who are you all.

32. Adam West then grabbed the Plaintiff's arm and twisted it.

33. The Plaintiff then snatched his arm from West and said "let me go."

34. One of the men with an assault style type weapon stated "you are making it worse."

35. West ordered the Plaintiff to sit down.

36. At this point, West identified himself as a member of the FBI.

37. The Plaintiff asked if he could put some clothes on.

38. West threw the Plaintiff a comforter and said "sit down."

39. The Plaintiff complied and sat down.

40. West then told the Plaintiff that he had reason to believe a drug dealer was staying in the Plaintiff's home.

41. West apologized for what happened to the Plaintiff.

42. As a result of the above referenced and described incident, the Plaintiff was injured.

43. These injuries caused the Plaintiff to seek and receive medical treatment including but not limited to the treatment of a nurse and a therapist.

44. The injuries caused by this incident are ever present and ongoing.

45. The Plaintiff's medical treatment is ongoing.

46.     At all times, the Defendants acted under color of law in seizing Plaintiff Willie Pole.

47.     At all times, the Defendants acted under color of law in interrogating him.

48.     At all times, the Defendants acted under color of law in injuring Plaintiff Willie Pole.

.     49.     At all times, the Defendants acted under color of law in imprisoning him.

50.     At all times, the Defendants acted under color of law in seizing, interrogating, injuring and imprisoning Willie Pole without lawful justification and with excessive unreasonable force taken with deliberate indifference to Mr. Pole's rights.

51.     The defendants including defendant Shearer acted or failed to act with deliberate indifference to the rights of the Plaintiff.

52.     The defendants including defendant Shearer's deliberate indifference accompanied a disregarded of the predictable consequence that the plaintiff's constitutional rights would be violated.

**VIOLATIONS OF THE 4TH, 5TH, 6TH AND 14TH CONSTITUTIONAL AMENDMENTS**

53.     The Defendants' actions and omissions caused injury to the Plaintiff in violation of his constitutional rights as guaranteed by the fourth, fifth, sixth and fourteenth Amendments to the United States Constitution.

54.     The Defendants are liable for violating 42 United States Code Section 1983 which prohibits deprivation of rights or liberties secured by the Plaintiff from the United States Constitution under color of Law.

**4TH AMENDMENT UNREASONABLE SEIZURE**

55.     The Defendants' conduct violated the Plaintiff's 4th Amendment right to be

protected from an unreasonable seizure.

56. The Defendants' conduct under color of law subjected the Plaintiff to an unreasonable seizure.

57. As a direct and proximate cause, the Plaintiff was injured.

## ASSAULT AND FALSE IMPRISONMENT

58. The Defendants' conduct, including the individual Defendants' conduct, constitutes an unlawful assault upon the Plaintiff.

59. The Defendants' conduct caused the Plaintiff to be falsely imprisoned.

60. The Defendants acted under color of law at all times concerning the matters set out above giving rise to this Complaint.

61. As a direct and proximate cause, the Plaintiff was injured.

## SUPERVISOR LIABILITY

62. Supervisor policies or customs led to or contributed to this incident.

63. As a result of the defendants' conduct, the Plaintiff has been injured. The plaintiff's injuries include, but are not limited to bodily injury, emotional distress, attorneys' fees, punitive damages, past pain and suffering, present pain and suffering, future pain and suffering, etc.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests this Court, after a trial by jury, enter judgment on his behalf and against the defendants, jointly and severally in an amount to be determined by the jury, commensurate with the Defendants' wrongs to include prejudgment and post judgment interest, all expenses and costs associated with this action and attorneys' fees and such other relief to which the Plaintiff may be entitled.                .

RESPECTFULLY SUBMITTED, this the 4th day of April, 2022.

**WILLIE POLE**

By:<u>Howard R. Brown</u>
     HOWARD R. BROWN, MSB 10631


OF COUNSEL**:**

BROWN LITIGATION GROUP
Post Office Box 158
Jackson, Mississippi 39205
Telephone:     (601) 966-6650
hbrown@legal-counselors.net